# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 98-30960
### Summary Calendar

_____

**KAREN KARANIEKIS V. LOMAS,**

**Plaintiff-Appellant,**

**versus**

**FIELDCREST CANNON, INC.; JOHN E. CAGNOLATTI,**

**Defendants-Appellees.**

_____

### Appeal from the United States District Court
### for the Middle District of Louisiana
### USDC No. 97-CV-692

_____

### March 3, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellant Karen Lomas appeals the summary judgments in favor of Encee Inc. (improperly named as Fieldcrest Cannon, Inc.) and John Cagnolatti on Lomas' employment discrimination and intentional infliction of emotional distress claims. We **AFFIRM.**

I.

Lomas began work as a receiving clerk and cashier in 1993 at a Fieldcrest Cannon factory outlet owned and operated by Encee.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Lomas, a black female, was supervised by the store manager, Cagnolatti, a white male.

Lomas filed this action against Encee and Cagnolatti in February 1997, claiming that Cagnolatti created a hostile work environment by making racial comments and engaging in acts of discrimination towards her. Lomas sought relief under 42 U.S.C. §2000e, *et seq.*, 42 U.S.C. § 1981, and Louisiana anti-discrimination statutes, and under state tort law for intentional infliction of emotional distress.

For purposes of summary judgment, the following facts, among others, are taken as true: (1) In 1993, Cagnolatti said he got in trouble for playing with a "nigger" when he was a child; (2) in 1993 or 1994, Cagnolatti referred to a black customer as "one of the educated ones"; (3) in 1993 or 1994, Cagnolatti told Lomas she could buy oven mitts that came in because they had "a black face" on them; (4) in 1993 or 1994, Cagnolatti remarked to Lomas that there is no such thing as a black Santa Claus; (5) in September 1994, Cagnolatti remarked to Lomas that she would "relate to" a new person he hired, because that person was black; (6) in March 1996, Cagnolatti, in the presence of Lomas, told a white employee that she could not handle being black, because "black people get beat up and assaulted"; and (7) Cagnolatti stated to Lomas that he thought blacks did not like cotton "[b]ecause they had to pick so much back in the days". On the other hand, among other things, Cognolatti on

- 2 -

several occasions recommended Lomas for raises, and offered her an assistant manager position.

The district court granted Encee and Cagnolatti's motions for summary judgment, finding that (1) Lomas failed to demonstrate a hostile work environment because Cagnolatti's conduct was not severe or pervasive enough and because Lomas failed to show it unreasonably interfered with her job performance; (2) Lomas had no claim for intentional infliction of emotion distress, because she did not show that Cagnolatti's comments were so outrageous and extreme to be actionable; and (3) most of Lomas' disparate treatment claims were prescribed, and the continuing violation doctrine would not revive them; and such claims that might not be time-barred failed.

## II.

Of course, we review a summary judgment *de novo*. *E.g.*, **Huckabay v. Moore**, 142 F.3d 233, 238 (5th Cir. 1998). We affirm for essentially the reasons stated by the district court. **Lomas v. Fieldcrest Cannon, Inc.**, No. 97-692-A (M.D.La., July 28, 1998).

For the first time on appeal, Lomas asserts that the district court erred in finding that her state law discrimination claims were prescribed. Lomas contends that L.A. R.S. 23:333, which became effective August 1, 1997 (several months after she filed the

present action), provides for the suspension of the prescriptive period while the claim is being reviewed by the Equal Employment Opportunity Commission or the Louisiana Commission on Human Rights.

Of course, no authority need be cited for the rule that points raised for the first time on appeal are reviewed only for plain error. We find none. It is neither "plain" nor "clear" that the state statute would revive Lomas' claim; her claim was already prescribed before the statute became effective, and Lomas does not assert (nor do we have any other evidence) that the statute is meant to be applied retroactively to revive prescribed causes of action. *See **Cameron Parish Sch. Board v. Acands, Inc.***, 687 So.2d 84, 89-90 (La. 1997)("a clear and unequivocal expression of intent by the legislature" is required before procedural statute will be applied retroactively to revive a claim).

### III.

For the above reasons, the summary judgments are

**AFFIRMED.**